The Trenton Banking Company v. Zachariah Rossell, Trustee of Ann E. Woodruff.

Where an issue is awarded by the court of chancery, to be made up in the supreme court, the transcript and postea must be returned to the court awarding the issue, and not to the supreme court.

On motion for a new trial of an issue at law, the state of the case, and history of the trial ordered to be prepared by the solicitor of the party applying for the rule, and submitted to the solicitor of the adverse party for his examination, and in case the solicitors'are unable to agree, the case to be settled by the judge before whom the issue was tried.

At October term, 1838,* a feigned issue was awarded in this cause, to ascertain the fact, whether Thomas L. Woodruff ever paid to the estate of Israel Carle, in whole or in part, a certain mortgage given by the said T. L. W. to the said Israel Carle.

The issue, made up in the usual form in the supreme court, was tried in the circuit court of the county of Mercer, at June term, 1841, and a verdict found in favor of Z. Rossell, trustee of Ann E. Woodruff, viz. that the said mortgage had not been paid by the said T. L. W. The record and postea since the last term had been returned to this court, together with the usual certificate of the judge before whom the cause was tried, that he was satisfied with the verdict; and the cause was set down for hearing at the present term, by the solicitor of Z. Rossell, trustee, &c. The cause being moved,

J. Wilson, on behalf of the complainants, resisted the hearing. He insisted that the cause was not properly before the court: that the issue had been made up in the supreme court, and that the postea should be returned to that court, that the parties might have an opportunity of applying there for a new trial. A party dissatisfied with the verdict upon a feigned issue ordered by a court of equity, is entitled to apply for a new trial either at law or to the court which awarded the issue: 1 Arch. Prac.

* See ante, page 117.

[Trenton Banking Co. v. Rossell, trustee, &c.]

317; *Tidd*, 805; *Doe* v. *Roe*, 1 *Johns. Cas.* 402; *Den* v. *Fen*, 1 *Caine's R.* 487.

*Wall* and *H. W. Green*, contra, cited *Vanalst* v. *Hunter*, 5 *John. Chan. R.* 150, 152; 1 *Moulton's Chan. Prac.* 49; 1 *Hoffman's Chan. Prac.* 513, 515; 1 *Newland's Chan. Prac.* 353.

THE CHANCELLOR. The postea is properly returned to this court. Where *an action at law* is directed by a court of equity, the postea must be returned to the court in which the suit at law is instituted. The cause is there, and motions for new trial and all other proceedings are to be had in that court. But when an *issue* is directed by a court of equity, the postea must be returned to the court which ordered the issue, and all the subsequent proceedings are in that court.

*Wilson*, on behalf of the complainants, " The Trenton Banking company," then applied to the court for a rule to show cause why a new trial should not be granted, on the ground that the judge who tried the cause had erroneously charged the jury. He stated, that to sustain his application it was necessary that the chancellor be furnished with the report of the judge who tried the cause: that by the English practice the judge's report is obtained by means of an application to him by this court: 1 *Newland's Chan. Prac.* 353. In New-York, the case is made up in the usual manner as a case at law: 1 *Hoffman's Chan. Prac.* 514. In the absence of any rule, he asked the direction of the chancellor as to the mode of obtaining a state of the case, to be used on the argument of the rule.

The following order was made by the court :—

" The postea upon the feigned issue formed in this cause, having been returned to this court from the last Mercer circuit; and it being alleged on the part of the Trenton Banking company

that the judge before whom the trial at said circuit was had, gave an erroneous charge to the jury, and that the said the Trenton Banking company were aggrieved thereby, and that a new trial ought to be granted; and the chancellor being of opinion that a state of the case and history of the trial at said circuit should be prepared and submitted to this court, to the end that the motion for a new trial may be duly considered and settled ; it is thereupon, on this fifteenth day of July, in the year of our Lord eighteen hundred and forty-one, ordered and directed by the chancellor, that the solicitor of the Trenton Banking company do, within thirty days, prepare a state of the case and history of the said trial at said circuit, 'and serve a copy thereof upon the solicitor of Zachariah Rossell, trustee, &c., who shall, within twenty days after such service, state in writing his objections thereto, or otherwise shall be deemed to agree thereto ; and in case said solicitors cannot agree upon such state of the case, the points in difference between them shall be settled by the judge before whom such feigned issue was tried at the said circuit ; and said state of the case, when so agreed upon or settled, shall be filed in this court among the papers in this cause. And it is further ordered, that the argument of the motion for a new trial do come on at the next term, upon the merits of the question, and without any rule to show cause for that purpose."